UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN C. SILVA, derivatively on behalf of DEXCOM, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEVIN R. SAYER, et al., <br><br> Defendants. | Case No.: 24-cv-1645-RSH-VET <br> 24-cv-1799-RSH-VET <br><br> **ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO CONSOLIDATE, APPOINT LEAD CO-COUNSEL, AND STAY PROCEEDINGS** <br><br> [ECF No. 4] |
| JEROME MALONE, derivatively on behalf of DEXCOM, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEVIN R. SAYER, et al., <br><br> Defendants. | |

Before the Court is a joint motion to consolidate, appoint lead co-counsel, and stay proceedings filed by the Parties in *Silva v. Sayer et al.*, 24cv1645-RSH-VET ("*Silva*") and *Malone v. Sayer et al.*, 24cv1799-RSH-VET ("*Malone*," collectively "Related Actions"). Pursuant to Local Civil Rule 7.1(d)(1), the Court finds the motion presented appropriate for resolution without oral argument. For the reasons below, the Court grants in part and denies in part the motion.

# I. BACKGROUND

## A. Factual Background

The instant cases are shareholder derivative actions brought on behalf of nominal defendant Dexcom, Inc. ("Dexcom") against current and former Dexcom board members and executive officers ("Individual Defendants").[1] *Silva*, ECF No. 1; *Malone*, ECF No. 1.

Dexcom is a "biotechnology company based in San Diego, California that manufactures and distributes continuous glucose monitoring" systems. *Silva*, ECF No. 1 ¶ 2. Plaintiffs are Dexcom shareholders. *Silva*, ECF No. 1 ¶ 6; *Malone*, ECF No. 1 ¶ 21. Plaintiffs allege that between January 8, 2024 and July 25, 2024, the Individual Defendants disseminated materially false and misleading statements regarding, among other things, the sustainability of Dexcom's growth, ability to acquire new customers, and sales constraints. *Silva*, ECF No. 1 ¶ 4; *Malone*, ECF No. 1 ¶ 3. According to Plaintiffs, the truth was later revealed through a press release announcing disappointing financial results for the second quarter of fiscal year 2024. *Silva*, ECF No. 1 ¶ 5; *Malone*, ECF No. 1 ¶ 5. After the press release, the price of Dexcom's stock declined 40.66% in a single day. *Silva*, ECF No. 1 ¶ 6; *Malone*, ECF No. 1 ¶ 6.

## B. Procedural Background

The *Silva* action was filed on September 13, 2024 and the *Malone* action was filed shortly thereafter on October 7, 2024. *Silva*, ECF No. 1; *Malone*, ECF No. 1. The Court subsequently filed a Notice of Related cases and the two cases were reassigned to the undersigned. *Silva*, ECF Nos. 3; 5; *Malone*, ECF Nos. 4; 6. On October 16, 2024, the Parties filed the instant joint motion to consolidate, appoint lead co-counsel for Plaintiffs, and stay proceedings. *Silva*, ECF No. 4. On November 14, 2024, the Court requested

---

[1] The Individual Defendants named in the derivative suits are Kevin R. Sayer, Jereme M. Sylvain, Steven R. Altman, Nick Augustinos, Richard A. Collins, Karen Dahut, Rimma Driscoll, Mark G. Foletta, Bridgette P. Heller, Kyle Malady, Eric J. Topol, and Barbara E. Kahn.

additional briefing from the Parties regarding: (1) the propriety of appointing multiple firms as co-lead counsel in a consolidated shareholder derivative action; and (2) supporting the Parties' request to stay. ECF No. 6 at 2. On December 13, 2024, the Parties filed a joint brief in response to the Court's request. ECF No. 9.

In addition to these derivative actions, there are three related ongoing securities class actions pending before this Court directed to the same or substantially similar subject matter. *Alonzo v. Dexcom Inc., et al.*, 24cv1485-RSH-VET ("*Alonzo*"), *Oakland County Employees' Retirement Systems et al. v. Dexcom Inc., et al.*, 24cv1804-RSH-VET and *Carnes v. Dexcom Inc., et al.*, 24cv1809-RSH-VET (collectively "Federal Securities Class Actions").[2]

## II. ANALYSIS

### A. Consolidation

The Parties request that the *Silva* and *Malone* actions be consolidated. ECF No. 4 ¶ 2. Under Federal Rule of Civil Procedure 42(a), consolidation is appropriate when the actions involve "a common question of law or fact[.]" Fed. R. Civ. P. 42(a). "A district court generally has 'broad' discretion to consolidate actions." *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008).

Here, the Related Actions are brought against the same defendants, allege the same or substantially identical violations of law, and involve the same predicate facts. Both actions are shareholder derivative suits asserted on behalf of nominal defendant Dexcom against Dexcom's current and former board members and executive officers. Both allege the Individual Defendants made false and misleading statements between January 8, 2024 and July 25, 2024 regarding the sustainability of Dexcom's growth. Finally, both assert violations of various provisions of federal securities law and related claims, including breach of fiduciary duty. All Parties to the Related Actions have agreed to consolidation.

---

[2] On December 13, 2024, the Court consolidated the Federal Securities Class Actions. *Alonzo*, ECF No. 19.

Consolidation is appropriate under these circumstances. *See In re Wells Fargo & Co. S'holder Derivative Litig.*, No. 16-CV-05541-JST, 2017 WL 130282, at *1–2 (N.D. Cal. Jan. 12, 2017); *Berg v. Guthart*, No. 5:14-CV-00515-EJD, 2014 WL 3749780, at *1 (N.D. Cal. July 30, 2014) (same); *Sparano v. Lief*, No. 10CV2079 BTM BLM, 2011 WL 830109, at *1 (S.D. Cal. Mar. 3, 2011) (same); *Lee ex rel Coherent, Inc. v. Ambroseo*, No. C 07-0955JFHRL, 2007 WL 1558565, at *1 (N.D. Cal. May 29, 2007) (consolidation appropriate where shareholder derivative actions "clearly involve common questions of law and fact as they are brought against substantially the same defendants, allege the same violations of law and allege similar predicate facts.").

### B.   Appointment of Lead Counsel

In their Joint Brief, the Parties have revised their request for multiple firms to be appointed as co-lead counsel in this case, and instead, request that the Court appoint Rigrodsky Law as lead counsel. ECF No. 9 at 4–7.

A district court "has the inherent authority to determine the conduct of derivative proceedings, including appointing lead counsel[.]" *Berg v. Guthart*, No. 5:14-CV-00515-EJD, 2014 WL 3749780, at *2 (N.D. Cal. July 30, 2014); *see Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *6 (N.D. Cal. Mar. 4, 2013) ("District courts regularly (but are not required to) appoint lead counsel in complex consolidated suits."); *Green Meadows Partners LLP v. Tomkinson*, No. LACV 06-1041 CJC, 2006 WL 6885989, at *2 (C.D. Cal. June 6, 2006) ("Appointment of lead counsel is within the district court's discretion[.]"). The appointment of lead counsel is designed to eliminate "duplication and repetition" by creating "a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled[.]" *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 774 (9th Cir. 1977) (quoting *MacAlister v. Guterma*, 263 F.2d 65, 69 (2d Cir. 1958)).

Here, considering Rigrodsky Law's lengthy and substantial experience handling complex shareholder derivative litigations, and the lack of any opposition, the Court **APPROVES** Plaintiffs' request to appoint Rigrodsky Law as lead counsel. *See* ECF No.

4-2.

### C.    Stay of Proceedings

Finally, the Parties request that the consolidated derivative action be stayed until the complete resolution of any motions to dismiss in the related Federal Securities Class Actions—including appeals. ECF No. 4 ¶ 11.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). The decision to stay litigation rests within the sound discretion of the trial court. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Id.* These competing interests include: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* The Court considers each of these factors below.

#### 1.    *Possible Damage*

The Court first looks to the possible damage that may result from the granting of a stay. Here, neither of the Parties has presented any evidence indicating they would suffer harm if the derivative actions were stayed. Instead, all Parties have agreed that a stay would serve their respective interests. ECF No. 9 at 11. This factor weighs in favor of granting a stay.

#### 2.    *Hardship or Inequity*

The Court next looks to the hardship or inequity a party may suffer in being

1  required to go forward. "The concerns of hardship and equity to the moving party are
2  especially relevant in shareholder derivative cases when a securities class action suit is
3  proceeding on the same issues." *In re Ormat Techs., Inc.*, No. 3:10-CV-00177-ECR,
4  2011 WL 3841089, at *4 (D. Nev. Aug. 29, 2011). Here, the Federal Securities Class
5  Actions and Related Actions arise from the same alleged facts. Like the Related Actions,
6  the Federal Securities Class Actions allege Dexcom and its officers made false and
7  misleading statements regarding Dexcom's potential for growth in 2024. *See Alonzo*,
8  ECF No. 1 ¶¶ 2–3. Identically to the Related Actions, the Federal Securities Class
9  Actions further allege that when Dexcom announced its financial results for the second
10 quarter of fiscal year 2024, the price of Dexcom's stock declined 40.66% in a single day.
11 *Id.* ¶ 4.

12       The Parties contend proceeding with the instant action while a motion to dismiss in
13 the Federal Securities Class Actions is pending would "subject Dexcom to the practical
14 difficulty of pursuing potentially divergent strategies at the same time" in two related
15 cases. ECF No. 9 at 12. Courts have commonly cited such concerns in staying derivative
16 actions. *See In re Rh S'holder Derivative Litig.*, No. 18-CV-02452-YGR, 2019 WL
17 580668, at *4 (N.D. Cal. Jan. 23, 2019) ("If plaintiffs ultimately succeed in the
18 Derivative Action, then the officers' liability could be imputed to [defendant] therefore
19 undermining [defendant]'s defense in the Securities Class Action."); *In re First Solar*
20 *Derivative Litig.*, No. CV-12-00769-PHX-DGC, 2012 WL 6570914, at *2 (D. Ariz. Dec.
21 17, 2012) (staying derivative suit pending resolution of shareholder class action noting
22 that defendant would otherwise "face the practical difficulty of pursuing potentially
23 divergent strategies if the two actions are litigated simultaneously."); *In re STEC, Inc.*
24 *Derivative Litig.*, No. CV 10-00667-JVS MLGX, 2012 WL 8978155, at *5 (C.D. Cal.
25 Jan. 11, 2012) ( (granting stay of derivative suit pending resolution of class action as
26 proceeding concurrently was "likely to undermine" defendant's defense); *Breault v.*
27 *Folino*, No. SACV010826GLTANX, 2002 WL 31974381, at *2 (C.D. Cal. Mar. 15,
28 2002) (staying derivative action where prosecuting it would conflict with defense of

pending class actions). This factor weighs in favor of granting a stay.

### 3. *Orderly Course of Justice*

Finally, the Court considers whether a limited stay in this case would promote the orderly course of justice. The Parties contend that a stay would eliminate the possibility of potentially inconsistent rulings on overlapping issues between the Related Actions and the Federal Securities Class Actions—thereby promoting efficiency and preserving judicial resources. ECF No. 9a t 9.

The Court agrees. As the Federal Securities Class Actions and the Related Actions involve similar issues, the Court's resolution of a motion to dismiss in the securities actions has the possibility of narrowing the scope or even eliminating the basis for the derivative cases. *See In re Hawaiian Elec. Indus., Inc., S'holder Derivative Litig.*, No. 24-CV-00164 MWJS-WRP, 2024 WL 3594783, at *5 (D. Haw. July 30, 2024) ("[I]f the motions to dismiss are granted in whole or in part, the scope of this action might be narrowed, which could limit the discovery necessary here."); *Cucci v. Edwards*, No. SACV 07532 PSG MLGX, 2007 WL 3396234, at *2 (C.D. Cal. Oct. 31, 2007) ("If Defendants are successful on the motion to dismiss the Securities Class Action complaint, Plaintiffs may have little basis for pursuing this Shareholder Derivative Action."). This factor weighs in favor of a limited stay.

### 4. *Conclusion*

For the above reasons, the Court concludes a limited stay is appropriate in this case. The Court will stay the consolidated derivative actions until the Court's complete resolution of any motions to dismiss in the Federal Securities Class Actions. The Court does not, however, extend this stay at this time to any appeals of any motions to dismiss. *See Hoeun Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000) (If a court determines a stay is warranted, it must "balance the length of the stay against the strength of the justification given for it[.]"). Instead, the Parties may file appropriate motions to renew this stay, in the event of an appeal, if necessary.

///

## III. CONCLUSION

For the reasons above, the Court **GRANTS IN PART** and **DENIES IN PART** the Parties' motion as follows:

1. The following cases are hereby consolidated for all purposes, subject to the terms of this Order, under Case No. 24-cv-1645-RSH-VET (the "Consolidated Action"): *Silva v. Sayer et al.*, 24cv1645-RSH-VET and *Malone v. Sayer et al.*, 24cv1799-RSH-VET.

2. Every pleading filed in the Consolidated Action shall bear the following caption:

| | |
|---|---|
| IN RE: DEXCOM, INC. STOCKHOLDER DERIVATIVE LITIGATION | Lead Case No.: 24-cv-1645-RSH-VET |

3. All future documents filed in connection with the Consolidated Action shall be filed under Lead Case No. 24-cv-1645-RSH-VET. All documents previously filed and/or served in the Derivative Actions shall be deemed a part of the record in the Consolidated Action.

4. If another shareholder derivative action arising out of the same, or substantially the same, transactions or events as these cases is hereafter filed, removed, reassigned, or transferred to this Court, Lead Counsel shall call it to the attention of the Court by filing a motion for consolidation with the Consolidated Action.

5. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to the Related Actions and any shareholder derivative actions subsequently consolidated.

6. The Court **GRANTS** the Parties' motion for appointment of lead counsel and **APPOINTS** Rigrodsky Law as lead counsel in the Consolidated Action.

7. The Court **GRANTS IN PART** and **DENIES IN PART** the Parties' request to stay. The Consolidated Action is stayed until the Court's resolution of any motions to

dismiss in the Federal Securities Class Actions.

8. The Court takes no position on the remaining matters stipulated to by the Parties.

**IT IS SO ORDERED.**

Dated: December 16, 2024

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge