BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
ALEX J. TRAMONTANO (276666)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com
tramontano@whafh.com

*Counsel for Lead Plaintiffs*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DEXCOM, INC. STOCKHOLDER DERIVATIVE LITIGATION | Lead Case No. 3:24-cv-01645-RSH-VET<br><br>**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS** |
| ANGEL DE JESUS CEJA, Derivatively on Behalf of DEXCOM, INC., <br><br>        Plaintiff,<br><br>  v.<br><br>KEVIN R. SAYER, JEREME M. SYLVAIN, MARK G. FOLETTA, ERIC J. TOPOL, NICHOLAS AUGUSTINOS, STEVEN R. ALTMAN, RICHARD A. COLLINS, BRIDGETTE P. HELLER, KAREN DAHUT, KYLE MALADY, RIMMA DRISCOLL, BARBARA E. KAHN, and TERI L. LAWVER,<br><br>        Defendants,<br><br>    -and-<br><br>DEXCOM, INC., a Delaware Corporation,<br><br>        Nominal Defendant. | Case No. 3:25-cv-00883-RSH-VET |

     Rigrodsky Law, appointed lead counsel for plaintiffs in the above-captioned consolidated shareholder derivative action ("Lead Counsel") *In re Dexcom, Inc. Stockholder Derivative Litigation*, Lead Case No. 3:24-cv-01645-RSH-VET (the "Consolidated Action"), pursuant to a December 16, 2024 Order Granting in Part and Denying in Part Joint Motion to Consolidate, Appoint Lead Co-Counsel, and Stay Proceedings, (ECF No. 10) (the "Consolidation Order")[1] hereby moves for the related shareholder derivative action captioned *de Jesus Ceja v. Sayer, et al.*, Case No. 3:25-cv-00883-RSH-VET (S.D. Cal. Apr. 14, 2025) (the "*Ceja* Action") to be consolidated, for all purposes, into the Consolidated Action (the resulting consolidated action, the "Consolidated Derivative Action").

     Lead Counsel has conferred with all parties in the *Ceja* Action regarding the relief sought in this motion.  Plaintiff and Defendants do not oppose this motion to consolidate.

## INTRODUCTION

     On September 13, 2024, Silva (defined *infra*), a shareholder of Dexcom, Inc. ("Dexcom" or the "Company"), filed a verified shareholder derivative complaint in this Court (the "*Silva* Complaint") on behalf of Dexcom against Kevin R. Sayer, Steven R. Altman, Nick Augustinos, Richard A. Collins, Karen Dahut, Rimma Driscoll, Mark G. Foletta, Bridgette P. Heller, Kyle Malady, Eric J. Topol, Barbara E. Kahn, and Jereme M. Sylvain (the "Individual Defendants" and, with Dexcom, "Defendants"), asserting claims against Individual Defendants for breach of fiduciary duties, aiding and abetting breach of fiduciary duty, unjust enrichment, abuse of control, waste of corporate assets, and insider trading.

---

[1] "If another shareholder derivative action arising out of the same, or substantially the same, transactions or events as these cases is hereafter filed, removed, reassigned, or transferred to this Court, **Lead Counsel shall call it to the attention of the Court by filing a motion for consolidation** with the Consolidated Action." Consolidation Order, ¶ 4 (emphasis added).

- 1 -
MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS

On October 16, 2024, plaintiffs Silva and Malone ("Plaintiffs" and together with Defendants, the "Parties") moved to consolidate their related shareholder derivative actions[2], appoint lead counsel for plaintiffs, and temporarily stay proceedings. ECF No. 4. On December 16, 2024, this Court entered the Consolidation Order, granting in part and denying in part the motion, consolidating the *Malone* Action with and into the *Silva* Action, and appointing Rigrodsky Law as lead counsel for plaintiffs in the Consolidated Action. Consolidation Order, ¶ 6.

On April 14, 2025, Dexcom shareholder Angel de Jesus Ceja ("Ceja"), initiated the *Ceja* Action by filing a verified shareholder derivative complaint in this Court (the "*Ceja* Complaint"), on behalf of Dexcom, against the Individual Defendants, asserting claims for violations of securities law, breach of fiduciary duties and unjust enrichment arising from substantially the same facts and events as those underlying the Consolidated Action. The Individual Defendants and Dexcom have accepted service of the *Ceja* Complaint through their counsel, without prejudice to any defenses or arguments except respecting the service of process.

Lead Counsel has conferred with the parties in *Ceja* Action about this motion and all are in agreement that the *Ceja* Action should be consolidated with and into the Consolidated Action in the interests of judicial economy and the efficient resolution of the derivative claims underlying Plaintiffs' complaints.

## ARGUMENT

### A.  The Related Derivative Actions Should Be Consolidated

Pursuant to the Consolidation Order, and consistent with Rule 42(a) of the Federal Rules of Civil Procedure, Lead Counsel moves to consolidate the *Ceja*

---

[2] Plaintiffs Nathan C. Silva ("Silva") and Jerome Malone ("Malone") (*Silva v. Sayer, et al.*, Case No. 3:24-cv-01645-RSH-VET (S.D. Cal. Sept. 13, 2024) (the "*Silva* Action") and *Malone v. Sayer, et al.*, Case No. 3:24-cv-01799-RSH-VET (S.D. Cal. Oct. 7, 2024) (the "*Malone* Action").

Action into the Consolidated Action, and the Plaintiff and Defendants in the *Ceja* Action do not oppose consolidation as set forth herein:

| CASE NAME | CASE NO. | DATE FILED |
|---|---|---|
| *In re Dexcom, Inc. Stockholder Derivative Litigation* | 3:24-cv-01645-RSH-VET | 09/13/24 |
| *de Jesus Ceja v. Sayer, et al.* | 3:25-cv-00883-RSH-VET | 04/14/25 |

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

The related derivative actions were all filed after a putative securities class action was filed in the Court, captioned *Alonzo v. Dexcom Inc., et al.*, Case No. 3:24-cv-01485-RSH-VET (S.D. Cal. Aug. 21, 2024) (the "Securities Action"), asserting claims under the Exchange Act against Dexcom, as well as individual defendants Kevin R. Sayer, Jereme M. Sylvain, and Teri Lawver. The related derivative actions refer to the Securities Action in their Complaints and focus, in part, on many of the same statements to investors about Dexcom's business that are at issue in the Securities Action. To that end, the Court has identified the Securities Action as a related case in each of the related derivative actions. *See Silva* Action, ECF No. 3; *Malone* Action, ECF No. 4; *Ceja* Action, ECF No. 3.

Thus, although the Consolidated Action and the *Ceja* Complaint assert slightly different claims, they are each brought on behalf of the Company, and the causes of action arise out of the same or similar allegations, transactions, and occurrences, making consolidation appropriate.

MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS

Additionally, consolidation is appropriate here because it will promote judicial economy and the efficient resolution of these related matters. For example, the Consolidated Action and the *Ceja* Action may be subject to the same motion practice, including motions to dismiss filed related to the same issues. Consolidating these substantially similar actions for all purposes will increase judicial efficiency, eliminate duplicative work by the Parties, and eliminate the risk of inconsistent adjudication without posing any threat to the convenience or fairness for any party.

## CONCLUSION

For the reasons set forth herein, Lead Counsel for the Consolidated Actions respectfully requests the Court grant this unopposed motion and consolidate the *Ceja* Action for all purposes with and into the Consolidated Action, and order such other related relief for the prosecution of the Consolidated Derivative Action as set forth in the Proposed Order accompanying this motion.

Dated: July 24, 2025

**WOLF HALDENSTEIN ADLER FREEMAN & HERTZ LLP**

/s/ *Alex J. Tramontano*
Alex J. Tramontano
Betsy C. Manifold
Rachele R. Byrd
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
Email: tramontano@whafh.com
   manifold@whafh.com
   byrd@whafh.com

*Counsel for Plaintiff Nathan C. Silva*

**RIGRODSKY LAW, P.A.**
Seth D. Rigrodsky
Timothy J. MacFall
Samir Aougab
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516

- 4 -
MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS

Email: sdr@rl-legal.com
tjm@rl-legal.com
sa@rl-legal.com

*Lead Counsel for Plaintiffs*

**GRABAR LAW OFFICE**
Joshua H. Grabar
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 507-6085

*Additional Counsel for Plaintiff Nathan C. Silva*