UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IN RE: DEXCOM, INC. STOCKHOLDER DERIVATIVE LITIGATION

Lead Case No.: 24-cv-1645-RSH-VET

**ORDER GRANTING JOINT MOTION TO EXTEND STAY**

[ECF No. 22]

Before the Court is the Parties' joint motion to extend the stay in the above-captioned case. ECF No. 22. Pursuant to Local Civil Rule 7.1(d)(1), the Court finds the motion presented appropriate for resolution without oral argument. For the reasons below, the Court **GRANTS** the motion.

## I. BACKGROUND

The instant consolidated shareholder derivative action is brought on behalf of nominal defendant Dexcom, Inc. against certain of its current and former directors and officers.

On December 16, 2024, the Court stayed this action pending resolution of any motions to dismiss in *In re: Dexcom, Inc. Class Action Securities Litigation*, Lead Case No. 24-cv-01485-RSH-VET (the "Dexcom Class Action"), finding a stay would serve the

Parties' interests, avoid potentially divergent litigation strategies, and promote judicial efficiency given the overlap between the cases. ECF No. 10 at 5–7. The Court has since extended the stay on multiple occasions. *See* ECF Nos. 17; 20.

On August 27, 2026, the Court entered judgment in the Dexcom Class Action. Case No. 24-cv-01485-RSH-VET, ECF Nos. 77; 78. On September 25, 2026, lead plaintiff in the Dexcom Class Action filed a notice of appeal. Case No. 24-cv-01485-RSH-VET, ECF No. 79. The appeal was docketed in the Court of Appeals as Case No. 26-6400. Case No. 24-cv-01485-RSH-VET, ECF No. 80. Subsequently, on October 5, 2026, the Parties filed the instant joint motion to continue the stay of this case pending resolution of the Dexcom Class Action appeal. ECF No. 22.[1]

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254; *see also Clinton v. Jones,* 520 U.S. 681, 706 (1997) (A federal district court "has broad discretion to stay proceedings as an incident to its power to control its own docket.").

"A stay is not a matter of right[.]" *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926). "It is instead an exercise of judicial discretion, and [t]he propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418,

---

[1] The Court construes the request as one to stay the case under the Court's inherent authority pursuant to *Landis v. N. Am. Co.*, 299 U.S. 248 (1936). *See Bartlett v. Citibank N.A.,* No. 17-CV-00712-EMC, 2017 WL 1395382, at *3 (N.D. Cal. Apr. 19, 2017) ("By asking this Court to stay proceedings pending an appeal in a different case, [defendant] is seeking what is commonly referred to as a *Landis* stay."); *Flores v. Bennett*, 675 F. Supp. 3d 1052, 1056 (E.D. Cal. 2023) ("[T]he *Landis* test typically applies to stays of proceedings pending the resolution of a related action in another court. "); *Young v. Shoe Palace Corp.*, No. 21CV559-GPC(MSB), 2021 WL 2783719, at *2 (S.D. Cal. July 2, 2021) ("In the typical *Landis* stay case, a federal court postpones resolution of the case pending some related proceeding.").

433 (2009) (internal quotation marks omitted). "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The Ninth Circuit has "identified three non-exclusive factors courts must weigh when deciding whether to issue a docket management stay: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023); *see CMAX,* 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254–255). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

**III. ANALYSIS**

Upon weighing the relevant factors, the Court concludes that a continued stay is warranted in this case. Many of the considerations supporting the Court's prior stay order remain unchanged. ECF No. 10 at 5–7. In granting the initial stay in this case, the Court held there was no evidence a stay would harm the Parties—all of whom had agreed that a stay would serve their respective interests. *Id.* at 5. Here, the Parties again jointly request this stay and have identified no harm that would result from its continuation. *See* ECF No. 22.

The hardship considerations identified in the Court's prior order likewise remain the same. The Court previously recognized that proceeding with this derivative action while the related securities action remained pending could subject Dexcom to the practical difficulty of pursuing potentially divergent litigation strategies. ECF No. 10 at 6–7. The pendency of the appeal does not eliminate that concern.

The remaining question is whether awaiting resolution of the appeal of the Dexcom Class Action would continue to promote the orderly course of justice. As the Court previously noted, the derivative claims asserted here are substantially predicated on the

same alleged corporate misconduct and public statements at issue in the Dexcom Class Action. Both actions allege that Dexcom and its officers made false and misleading statements concerning Dexcom's growth prospects in 2024 and that Dexcom's stock price declined 40.66% in a single day following the announcement of its second-quarter financial results for that year.

Given this overlap, the Ninth Circuit's resolution of the appeal is likely to at least inform, if not substantially narrow, the issues presented in this action. Proceeding while the Ninth Circuit appeal is still pending would risk expending the Parties and the Court's resources on issues that would later be revisited in light of an appellate decision. *See In re BofI Holdings, Inc., S'holder Litig.*, No. 15-CV-2722-GPC-KSC, 2024 WL 947464, at *1 (S.D. Cal. Mar. 5, 2024) (renewing stay of derivative shareholder action pending appeal of related whistleblower case reasoning that "to forge ahead without the Ninth Circuit's decision would invite the waste of judicial resources."); *Aland v. U.S. Dep't of the Interior*, No. 22-CV-01321-JSW, 2022 WL 1539522, at *2 (N.D. Cal. May 16, 2022) (granting a stay pending appellate resolution of related cases because proceeding in the interim "would expend unnecessary resources litigating Plaintiff's claims now when a binding decision from the Ninth Circuit could later require the Court to revisit its rulings").

On balance, these considerations justify continuing the stay through resolution of the pending appeal. The Court therefore exercises its discretion to stay this action through the resolution of the Dexcom Class Action appeal. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.").

The stay does not extend to any subsequent proceedings on a petition for a writ of certiorari to the Supreme Court.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Parties' motion to stay as follows:

1. The instant case is **STAYED** pending a decision by the Ninth Circuit in the related Dexcom Class Action.

2. Within **fourteen days** of the resolution of this appeal, the Parties shall file a joint status report informing the Court of the status of this matter.

**IT IS SO ORDERED.**

Dated: October 15, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge